IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21 CR 40 MR WCM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JORDAN TAYLOR RANDALL ) | |

This matter is before the Court on the Government's Motion for Relief Under 18 U.S.C. § 3771. (Doc. 15).

On April 21, 2021, a Criminal Complaint was filed charging Defendant with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Doc. 1).

On April 26, 2021, Defendant made an initial appearance. Defendant moved for the appointment of counsel and that request was granted. The Government made an oral motion for detention and requested a continuance of the hearing on that motion. The Government also made an oral motion for the entry of a temporary no-contact order prohibiting Defendant from attempting to contact the alleged minor victims. The Government's request for a continuance of the detention hearing was allowed and preliminary and detention hearings were scheduled for April 30, 2021. In addition, and without objection by Defendant, the undersigned issued an oral order granting the Government's motion for a no-contact order and directing that Defendant not

have any contact with the alleged minor victims listed in the Criminal Complaint and their mother, pending the upcoming detention hearing.

On April 29, 2021, Defendant filed written waivers of his right to a preliminary hearing and his right to an immediate hearing on the Government's motion for pretrial detention. (Docs. 7, 8). By order entered the same day, Defendant's waiver of an immediate detention hearing was noted, his continuance request was granted, and a hearing on the Government's motion for pretrial detention was continued indefinitely for cause. (Doc. 9).

On May 18, 2021, a Bill of Indictment was filed charging Defendant with one count of employing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a), and one count of knowingly possessing and accessing with the intent to view any material that contained an image of child pornography in violation of 18 U.S.C. § 2252 (A)(a)(5)(B). (Doc. 12).

Defendant was arraigned on May 28, 2021.

The instant Motion reports that, on or about May 28, 2021, the guardian of the alleged minor victims received a package that was addressed to one of the alleged victims and contained gifts and a card indicating the package had been sent on Defendant's behalf.

The Motion further states that, on or about June 15, 2021, the Government became aware of another attempted contact. In particular, the

minors' guardian reported that she had been contacted by a religious leader on behalf of Defendant asking that she consider allowing Defendant to have contact with one of the alleged minor victims.

The Government now seeks an order, pursuant to the Crime Victims' Rights Act, directing that Defendant not contact the alleged victims or their guardian directly or indirectly.

The Motion reports that defense counsel does not oppose this request.

The undersigned concludes that the Government's request is in order and will allow the motion.[1]

**IT IS THEREFORE ORDERED THAT:**

1. The Government's Motion for Relief under 18 U.S.C. § 3771 (Doc. 15) is **GRANTED** and, pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771, Defendant is **ORDERED** not to contact the alleged victims, or their guardian, directly or indirectly, including but not limited to through friends, family members or others, or through the use of the telephone, mail, or any other means.

---

[1] As a hearing on the Government's motion for pretrial detention has not occurred, the undersigned's previous oral order regarding no contact arguably has remained active. However, given the circumstances, including the intervening procedural history of this case and that the Government has not requested that any action be taken against Defendant for violating the Court's previous oral order, the undersigned has not addressed this issue further and is entering this written order in response to the Government's current motion.

2. The Clerk is respectfully directed to certify a copy of this Order to the United States Attorney, defense counsel, the United States Marshals Service, and the detention facility where Defendant is currently located.

Signed: June 16, 2021

W. Carleton Metcalf
United States Magistrate Judge